IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUSTIN RAY ABBOTT | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv506 |
| KILGORE POLICE DEPT., et al. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Justin Ray Abbott filed this civil rights lawsuit *pro se* pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when members of the Kilgore Police Department caused him to be booked for tampering with a human corpse, which was not the criminal charge brought against him. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Based on Plaintiff's original complaint, the Court has authorized service upon Defendants Torres and Sosa, the officers involved in arresting and booking Plaintiff. Plaintiff's claim against the Kilgore Police Department, however, requires separate consideration.

**I. Legal Standards and Preliminary Screening**

Plaintiff is an inmate seeking redress from governmental officers and employees, so his complaint is subject to screening under 28 U.S.C. § 1915A. That statute requires *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis

in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696

(5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

## II. Discussion and Analysis

For a plaintiff to sue a government agency or department, the agency or department must "enjoy a separate legal existence." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Hicks v. Tarrant Cnty. Sheriff's Dep't*, 352 F. App'x 876, 878 (5th Cir. 2009) (citing *Darby*, 939 F.2d at 313 (holding that under Texas law, a city is "allowed to designate whether one of its own subdivisions can be sued as an independent entity.")); *see also Propes v. Plano Police Dep't*, No.: 4:03cv87, 2005 WL 1177880 (E.D. Tex. May 18, 2005). A plaintiff cannot sue a political subdivision unless the true political entity has taken explicit steps to grant the servient agency jural authority. *Darby*, 939 F.2d at 313.

The Kilgore Police Department is a non-jural entity and cannot be sued. *See Darby*, 939 F.2d at 314 ("Darby has failed to show that the City of Pasadena ever granted its police department the capacity to engage in separate litigation."); *Purnell v. Denton Police Dep't*, No. 4:21-cv-811-SDJ-KPJ, 2022 WL 19298334, at *3 (E.D. Tex. Dec. 20, 2022) ("The Denton Police Department is a non-jural entity and cannot be sued."), *report and recommendation adopted as modified*, No. 4:21-cv-811-SDJ-KPJ, 2023 WL 2666068 (E.D. Tex. Mar. 28, 2023); *Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350, 2020 WL 8484809, at *2 (E.D. Tex. Dec. 14, 2020) ("The general

rule is that law enforcement agencies are not separate governmental entities that can be sued.") (brackets and citation omitted), *report and recommendation adopted*, 2021 WL 489633 (E.D. Tex. Feb. 10, 2021). Thus, even if the Court takes all of Plaintiff's allegations against the Kilgore Police Department as true, Plaintiff has failed to state a claim upon which relief can be granted. *See Purnell*, 2022 WL 19298334, at *3.

Because the Kilgore Police Department cannot be sued, it would be futile to grant Plaintiff an opportunity to replead with respect to the Department. Accordingly, Plaintiff's claims against the Kilgore Police Department should be dismissed with prejudice as frivolous and for failing to state a claim. *See Rhodes v. Lewisville Police Dep't*, No. 4:20-cv-7, 2020 WL 8513792, at *3 (E.D. Tex. Dec. 2, 2020) ("[I]f a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim.") (citation omitted), *report and recommendation adopted*, No. 4:20-cv-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021); *Fuller v. Henderson Cnty., Tex.*, No. 6:16-cv-1301, 2018 WL 4087559, at *2 (E.D. Tex. Aug. 6, 2018) (dismissing with prejudice plaintiff's claims against a non-jural entity), *report and recommendation adopted*, No. 6:16-cv-1301, 2018 WL 4053779 (E.D. Tex. Aug. 24, 2018).

### III. Conclusion

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted against the Kilgore Police Department.

RECOMMENDATION

Accordingly, the undersigned recommends that the Kilgore Police Department be dismissed from this action pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 30th day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE